UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:10-CR-154 |
| | ) | |
| CAPRICE LAZUNTA PITTMAN, and | ) | (VARLAN/GUYTON) |
| TRACY DEWAYNE PITTMAN, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. The parties appeared before the undersigned on February 1, 2011, for a hearing on Defendant Tracy Pittman's Motion for Continuance [Doc. 18], filed on January 3, 2011, and his appointed defense counsel's Motion to Withdraw as Counsel of Record [Doc. 21], filed on January 26, 2011. Assistant United States Attorney Tracy L. Stone appeared on behalf of the Government. Attorney Ursula Bailey represented Defendant Tracy Pittman. Attorney Joseph A. Fanduzz represented Defendant Caprice Pittman. Both Defendants were also present.

In her motion, Attorney Bailey states that she is unable to continue representation of Defendant Tracy Pittman, because she has an actual conflict with the representation. At the hearing, Ms. Bailey explained that through conversations with her client, she learned that this case conflicted with her representation of another client. She said that she had discussed the conflict with the

1

Defendant and that he understood her reason for withdrawing from the case. The Government agreed that an actual conflict existed. Defendant Caprice Pittman took no position with regard to the motion.

The defendant enjoys the right to counsel at every stage of the proceedings and to have counsel appointed if he cannot obtain counsel himself. Fed. R. Crim. P. 44(a). "The guarantee of effective assistance of counsel includes representation which is free of conflicts of interest." McNeal v. U.S., 17 F. App'x 258, 262 (6th Cir. 2001) (citing Strickland v. Washington, 466 U.S. 668, 688 (1984)). Because Attorney Bailey has a conflict of interest in representing the Defendant, the Court finds that good cause exists to grant her Motion to Withdraw. The motion [**Doc. 21**] is **GRANTED**, and Ms. Bailey is relieved as counsel for Defendant Tracy Pittman. See Wilson v. Mintzes, 761 F.2d 275, 280 (6th Cir. 1985) (holding that a defendant seeking to substitute counsel must show good cause). Attorney Christopher Irwin was present in the courtroom and agreed to accept representation of the Defendant  The Court therefore and hereby **SUBSTITUTES** and **APPOINTS** Mr. Irwin under the Criminal Justice Act (CJA), 18 U.S.C. § 3006A, as counsel of record for Defendant Tracy Pittman.

The trial of this case is set for February 15, 2011. Attorney Bailey had previously moved [Doc. 18] for a continuance because her caseload did not permit her adequate time to prepare upon her return from medical leave. Although Mr. Irwin does not share this basis for the requested continuance, he asked to proceed with the request to continue the trial, because he is newly appointed to the case. The Court informed Defendant Tracy Pittman his new attorney needed additional time to review the case file and discovery and to prepare the case for trial. The Defendant acknowledged that he understood that he was waiving his speedy trial rights and would remain in custody pending

the new trial date. The Government did not object to the requested continuance. Defendant Pittman took no position on a trial continuance. The parties agreed to a new trial date of May 3, 2011.

The Court finds the motion to continue [Doc. 18] the February 15, 2011 trial to be well taken, and it is **GRANTED**. The Court finds that the ends of justice served by granting the motion outweigh the best interest of the public and the Defendants in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). Defendant Tracy Pittmann has just received substitute counsel. New counsel needs time to familiarize himself with the case and to prepare and litigate any necessary pretrial motions. Counsel also needs time to investigate the facts and to interview potential witnesses. The Court finds that this preparation cannot take place in the two-week period before the trial or in less than three months. Thus, the Court finds that the requested continuance is essential to give Defendant Tracy Pittman's counsel the reasonable time necessary for effective preparation, even taking into account counsel's use of due diligence. See 18 U.S.C. § 3161(h)(7)(B)(iv).

Additionally, the Court notes that excluded from the speedy trial calculation is a "reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted." 18 U.S.C. § 3161(h)(6).[1] Under this provision, time excludable as to one defendant is excludable to all codefendants. United States v. Holyfield, 802 F.2d 846, 847-48 (6th Cir. 1986). Unlike some periods of delay automatically excluded by the Act, delay caused by joinder with a codefendant must be reasonable. Henderson v. United States, 476 U.S. 321, 327 (1986). In assessing the reasonableness of delay attributed to codefendants, courts should be guided by the policies supporting the enactment of

---

[1]Section 3161(h)(6) was formerly numbered 18 U.S.C. § 3161(h)(7). Congress renumbered this section, effective October 2008, without changing its language.

section 3161(h)(6) (formerly 3161(h)(7)):

> The legislative history of this section demonstrates a strong Congressional preference for joint trials and an intention that delays attributable to the joinder of defendants be liberally excluded. Further, the purpose of this section is to insure that the Speedy Trial Act does not alter the present rules governing severance of co-defendants by forcing the government to prosecute the defendants separately or be subject to a speedy trial dismissal motion.

United States v. Monroe, 833 F.2d 95, 100 (6th Cir. 1987) (citations omitted). In other words, Congress expressly favored the goals of efficiency and economy resulting from multi-defendant trials despite the loss of speed that would result from a severance. See id.

In the present case, the Defendant Caprice Pittman stands indicted with Defendant Tracy Pittman, who just obtained new counsel. No motion to sever has been filed or granted. Given Defendant Tracy Pittman's attorney's need for time to prepare, the Court finds that the three-month delay in trial attributable to Defendant Tracy Pittman is reasonable. Accordingly, this delay is also attributable to Defendant Caprice Pittman. 18 U.S.C. § 3161(h)(6).

Defendant Tracy Pittman's Motion for Continuance [**Doc. 18**] is **GRANTED**, and the trial of this matter is reset to **May 3, 2011**. The Court also finds that all the time between the filing of the Motion to Withdraw on January 26, 2011, and the new trial date of May 3, 2011, is fully excludable time under the Speedy Trial Act for the reasons set forth herein. See 18 U.S.C. § 3161(h)(6) & -(7)(A)-(B). With regard to other scheduling, Defendant Tracy Pittmann must file any pretrial motions by **February 22, 2011**. The Government's responses to any motions are due on or before **March 8, 2011**. The parties are to appear before the undersigned for a final pretrial conference on **April 18, 2011, at 11:00 a.m.** This date is also the deadline to complete plea

negotiations. The Court instructs the parties that all motions *in limine* are due on or before **April 18, 2011**. Special requests for jury instructions shall be submitted to the District Court no later than **April 22, 2011**, and shall be supported by citations of authority pursuant to Local Rule 7.4. E.D.TN. LR 7.4.

Accordingly, it is **ORDERED**:

(1) Attorney Ursula Bailey's Motion to Withdraw [**Doc. 21**] is **GRANTED**, and Attorney Bailey is permitted to withdraw from her representation of Defendant Tracy Pittmann;

(2) Attorney Christopher Irwin is **SUBSTITUTED** and **APPOINTED** as Defendant Tracy Pittman's counsel of record under the CJA;

(3) Defendant Tracy Pittman's Motion for Continuance [**Doc. 18**] is **GRANTED**;

(4) The trial of this matter is reset to commence on **May 3, 2011**, **at 9:00 a.m.**, before the Honorable Thomas A. Varlan, United States District Judge;

(5) All time between the filing of the Motion to Withdraw on **January 26, 2011**, and the new trial date of **May 3, 2011**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(6) Defendant Tracy Pittman's motion-filing deadline is **February 22, 2011**;

(7) The deadline for responding to pretrial motions is **March 8, 2011**;

(8) A final pretrial conference before the undersigned is set for **April 18, 2011, at 11:00 a.m.** This date is also the deadline for concluding plea negotiations;

(9) Motions *in limine* must be filed on or before **April 18, 2011**; and

(10) Special requests for jury instructions must be submitted to the District Court by **April 22, 2011**.

**IT IS SO ORDERED.**

ENTER:


_____s/ H. Bruce Guyton_____
United States Magistrate Judge