UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| TRACY DEWAYNE PITTMAN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Nos.: 3:10-CR-154-2-TAV-HBG |
| | ) | 3:13-CV-285-TAV |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

Petitioner Tracy Dewayne Pittman's ("Petitioner"), a federal prisoner, filed a *pro se* motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 ("2255 Motion"). The United States of America ("the Government") has responded [Doc. 58].[1] Petitioner has two additional motions pending before the Court, including: a motion to reduce sentence pursuant to 18 U.S.C. 3582(c) [Doc. 59], and a supplemental motion to reduce sentence [Doc. 66].

For the following reasons, Petitioner's 2255 motion [Doc. 54] will be **DENIED IN PART** and **GRANTED IN PART**. Petitioner's § 2255 claim based on an alleged violation of the Equal Protection Clause will be **DENIED** as untimely. Petitioner's § 2255 claim based on ineffective assistance of counsel will also be **DENIED** as untimely. Petitioner's motion for § 2255 relief based upon the holding in *Dorsey* will be **GRANTED**, his sentence of 228 months imprisonment will be **VACATED**, and a new sentence of 168 months' imprisonment will be **IMPOSED**. Petitioner's motion to reduce sentence [Doc. 59] and his supplemental motion to reduce sentence [Doc. 66] will be **DENIED** as moot.

---

[1] All citations to the record are found on the docket of Case No. 3:10-CR-154-2-TAV-HBG.

## I. BACKGROUND

In April of 2010, the Tennessee Bureau of Investigations ("TBI") observed Petitioner selling various quantities of cocaine base in two supervised controlled purchases [PSR ¶ 17]. The TBI laboratory reports verified that 97.4 grams of cocaine base had been sold by the Petitioner over the course of the two transactions [*Id.* at ¶ 18].

On November 16, 2010, a federal grand jury in the Eastern District of Tennessee charged Petitioner, alongside co-defendant Caprice Lazunta Pittman, with aiding and abetting one another in the distribution of five grams or more of a mixture and substance containing a detectable amount of cocaine base in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 (Count One) [Doc. 1 p. 1]. Petitioner was also charged with distribution of fifty grams or more of a mixture and substance containing a detectable amount of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(A) (Count Two) [*Id.* p. 2]. On February 14, 2011, the United States Attorney's Office filed a Notice of Enhancement pursuant to 21 U.S.C. § 851 [Doc. 24].

On March 11, 2011, Petitioner pleaded guilty to Count Two pursuant to a plea agreement with the United States [Doc. 27]. As part of the plea agreement, and in exchange for dismissal of Count One, the parties stipulated, among other things, that "the Court may impose any lawful term of imprisonment . . . up to the statutory maximum" [*Id.* ¶ 6(a)]. Petitioner acknowledged that the sentencing determination would be "based upon the entire scope of the [Petitioner's] criminal conduct, [his] criminal history, and pursuant to other factors and guidelines as set forth in the Sentencing Guidelines and . . . in 18 U.S.C. § 3553" [*Id.* ¶ 6(c)]. Petitioner also acknowledged he had "read the indictment, discussed the charges and possible defenses with . . . counsel, and understood[] the crime(s) charged" [*Id.* ¶ 3]. Additionally, Petitioner stated he was pleading guilty because he was "in fact guilty" [*Id.*]. Petitioner agreed "not to file a direct appeal

of [his] conviction(s) or sentence except . . . [in the case of] a sentence imposed above the sentencing guidelines range . . . [as] determined by the district court" [*Id*. ¶ 14 (a)]. Petitioner also "voluntarily waive[d] [his] right to file any motions or pleadings pursuant to 28 U.S.C. § 2255 or to collaterally attack [his] conviction(s) and/or resulting sentence" except in cases "of ineffective assistance of counsel or prosecutorial misconduct not known to [Petitioner] by the time of the entry of judgment" [*Id*. ¶ 14 (b)].

In calculating the applicable guidelines range, the probation officer found that the drug quantity to which Petitioner had stipulated yielded a base offense level of 26 [Presentence Investigation Report at ¶ 23], but that an increased offense level of 37 was necessary because of Petitioner's career offender status [*Id.* at ¶ 29]. After a three level reduction for acceptance of responsibility [*Id.* at ¶ 30], Petitioner had a total offense level of 34 [*Id.* at ¶ 31] with a resulting guidelines range of 262 to 327 months' imprisonment [*Id*. at ¶ 74].

Because of the § 851 enhancement, Petitioner's guidelines range was increased to the statutory mandatory minimum term of life imprisonment [*Id*.]. Prior to sentencing, and pursuant to 18 U.S.C. § 3553(e), the Government filed a motion for downward departure [Doc. 45]. The Court granted that motion and subsequently sentenced the Petitioner to 228 months' imprisonment [Doc. 51].

On May 10, 2013, Petitioner filed a motion pursuant to 28 U.S.C. § 2255 [Doc. 54].

## II. TIMELINESS

Section 2255(f) places a one-year statute of limitations on all petitions for collateral relief under § 2255 running from either: (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was

3

prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f).

Generally, the statute of limitations period for collateral attack runs from the date on which the judgment of conviction becomes final. 28 U.S.C. § 2255(f)(1). In the present case, Petitioner's 2255 motion, entered May 10, 2013, was filed two months after the expiration of the one-year statute of limitations, which ended on March 12, 2013. Absent a showing that Petitioner's 2255 motion satisfies the requirements of § 2255(f)(2), (3), or (4), Petitioner's 2255 motion would be deemed time barred.

Petitioner asserts, however, that his 2255 motion is timely because he is entitled to a renewed one-year statute of limitations [Doc. 54 p. 4]. Petitioner seems to argue that his *Dorsey* claim satisfies 2255(f)(3)—the assertion of a newly recognized right made retroactively applicable on collateral review—and, as a result, the applicable one-year statute of limitations period would start to run on the date of the *Dorsey* decision, June 21, 2012 [*Id.*]. *See Dorsey v. United States*, 132 S. Ct. 2321 (2012). Petitioner argues that under the renewed statute of limitations period, which would end June 21, 2013, his 2255 motion would fall safely within the one-year period for filing a timely request for relief [*Id.*].

The Government, in response, concedes this point and "waives its reliance upon the statute of limitations" with regard to Petitioner's *Dorsey* claim [Doc. 58 p.2 n.1].

Accordingly, the Court will review Petitioner's *Dorsey* claim on the merits. However, and for the reasons stated below, the Court finds Petitioner's remaining claims are time barred.

4

### III. STANDARD OF REVIEW

To obtain relief under 28 U.S.C. § 2255, a petitioner must demonstrate "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law . . . so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003)). He "must clear a significantly higher hurdle than would exist on direct appeal" and establish a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998).

Petitioner articulates three grounds of collateral challenge in his 2255 motion [Doc. 54]: (1) that he did not receive the benefit of sentencing under the Fair Sentencing Act of 2010 [*Id.* at 5]; (2) that he is being subject to a sentencing disparity in violation of the Equal Protection Clause [*Id.* at 8]; and (3) that his counsel was constitutionally deficient [*Id.* at 12].

#### A. Petitioner's Request for Modification of Sentence Under *Dorsey*

Petitioner seeks to have his sentenced modified in accordance with *Dorsey v. United States*, 132 S. Ct. 2321 (2012). The Government does not oppose this request.

On August 3, 2010, Congress enacted the Fair Sentencing Act of 2010 ("FSA") with the intent "to restore fairness to federal cocaine sentencing." Pub.L. 111-120, 124 Stat. 2372 (2010). The effect of the FSA was to increase the threshold for the application of the 10-year mandatory minimum from 50 grams of crack cocaine to 280 grams of crack cocaine and the 5-year mandatory minimum from 5 grams of crack cocaine to 28 grams of crack cocaine. *Compare* 21 U.S.C. § 841(b)(1)(A)(iii) and 841(b)(1)(B)(iii) (effective Aug. 3, 2010), *with* 21 U.S.C. § 841(b)(1)(A)(iii) and 841(b)(1)(B)(iii) (effective April 15, 2009 to Aug. 2, 2010).

5

Originally, the Sixth Circuit held that FSA penalty provisions applied only to conduct occurring after the FSA was enacted. *See generally, United States v. Carradine*, 621 F.3d 575, 580 (6th Cir. 2010). However, on June 21, 2012, after Petitioner's guilty plea and sentencing, the Supreme Court held that federal defendants who had committed an offense before the FSA's enactment but who were sentenced on or after the enactment of the FSA should also receive the benefit of its lowered minimum mandatory punishment. *See Dorsey*, 132 S. Ct. at 2323 (holding reduced "mandatory minimums apply to the post-Act sentencing of pre-Act offenders").

Applying *Dorsey* to this case, it is clear that the FSA's revised mandatory minimums apply to the Petitioner, and that he is no longer subject to the same mandatory minimum term of imprisonment based upon the quantity of crack cocaine to which he pleaded guilty. When Petitioner was sentenced, he was subject to a statutorily-mandated term of life imprisonment—specifically, a mandatory minimum of 10 years for the distribution of fifty grams or more of cocaine base with a 21 U.S.C. § 851 enhancement to a mandatory life sentence for his two prior drug convictions. However, under *Dorsey*, the "new, more lenient mandatory minimum provisions" of the FSA are applicable and Petitioner's drug quantity is now punishable only by § 841(b)(1)(B), which mandates a minimum sentence of five to forty years, with an increase to ten years' imprisonment up to life for any number of § 851 enhancements. While the mandatory minimum sentence for the Petitioner has changed—from a mandatory life sentence to a mandatory minimum ten year sentence—the statutory maximum has not. As a result, Petitioner's Guidelines range as a career offender is still 262 to 327 months.

Under 28 U.S.C. § 2255(b), this Court has the authority to resentence or to correct a sentence as it "appears appropriate." Given that the Government does not contest that *Dorsey*

6

would otherwise apply to the Petitioner, the Court will grant Petitioner's motion to vacate and resentence. The Court finds that the current restricted sentencing guideline range for Petitioner is between 120 months and life. After consideration of Petitioner's Guidelines range as a career offender, the 18 U.S.C. §3553(a) factors,[2] and the assessment and nature of the quality of Petitioner's substantial assistance, the Court finds that a term of imprisonment of 168 months is an appropriate sentence in this case. There is no need for an evidentiary hearing on the § 2255 motion nor does the Court need to conduct a new sentencing hearing. *See United States v. Hadden*, 475 F.3d 652, 669 (4th Cir. 2007) (stating that § 2255 affords a district court the authority to correct an unlawful sentence without the necessity of a formal sentencing hearing).

### B. Petitioner's Remaining Claims

Petitioner's remaining claims allege a violation of the Equal Protection Clause and ineffective assistance of counsel. The Court finds these claims are time barred.

Insomuch as the Government has waived any statute of limitation issues for Petitioner's *Dorsey* claim, the Court has applied a renewed one-year statute of limitations for that claim and addressed the claim on the merits. However, the Court does not find that Petitioner is entitled to raise multiple alternative grounds for collateral attack in his 2255 motion simply because he has asserted a *Dorsey* claim therein. Previous decisions by the Court on this issue are in accord—a renewed statute of limitation triggered by the satisfaction of 2255(f)(3) only applies to claims that successfully meet the requirements of that sub-category; it does not serve as a loophole to assert additional claims that would not have otherwise been heard by the Court. *See Darwin v. United States*, 2016 WL 2643004 (E.D. Tenn. May 9, 2016). The limitation period for alternative

---

[2] The Court's consideration of the factors set forth in 18 U.S.C. §3553(a) has included examination of Petitioner's accomplishments set forth in Doc. 59 pp. 4-5.

7

theories of collateral attack will continue to run from the date on which Petitioner's judgment of conviction became final. Specifically, the statute of limitation for Petitioner's ineffective assistance of counsel claim and his Equal Protection Clause claim ended on March 12, 2013. As such, these claims are time barred and will be **DENIED** as untimely.

## IV. Conclusion

Petitioner's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 [Doc. 54] will be **DENIED IN PART** and **GRANTED IN PART**. Petitioner's § 2255 claims based on an alleged violation of the Equal Protection Clause and ineffective assistance of counsel will be **DENIED** as untimely. Petitioner's motion for § 2255 relief based upon the holding in *Dorsey* will be **GRANTED**, his sentence of 228 months' imprisonment will be **VACATED**, and a new sentence of 168 months' imprisonment will be **IMPOSED**. The judgment dated March 12, 2012 [Doc. 51] will be **AMENDED** to reflect a sentence of **168 months' imprisonment**.

By granting Petitioner's *Dorsey* claim, the Court has afforded the same relief that Petitioner is requesting in his remaining motion to reduce sentence pursuant to 18 U.S.C. 3582(c) [Doc. 59] and his supplemental motion to reduce sentence [Doc. 66]. Accordingly, those motions [Docs. 59, 66] will be **DENIED** as moot. The Clerk of Court will be **DIRECTED** to **CLOSE** the civil case.

**ORDER ACCORDINGLY.**

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE