UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 3:10-CR-154-TAV-HBG ) |
| TRACY DEWAYNE PITTMAN, | ) ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on defendant's Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) for Immediate Compassionate Release [Doc. 93]. Defendant moves the Court for compassionate release under the First Step Act, citing concerns about his medical condition, in conjunction with a severe outbreak of COVID-19 at FCI Fort Dix, the facility where defendant is incarcerated. The United States opposes the motion arguing, inter alia, that defendant has not exhausted his administrative remedies [Doc. 99]. In light of defendant's failure to meet the mandatory exhaustion requirement, defendant's motion will be **DENIED without prejudice**.

**I.  Background**

On March 17, 2011, defendant pleaded guilty to one count of knowingly, intentionally, and without authority distributing fifty grams or more of a mixture and substance containing a detectable amount of cocaine base, also known as "crack" [Doc. 31]. On March 12, 2012, defendant was sentenced to 228 months imprisonment

[Doc. 51]. That sentence was subsequently vacated, and a new sentence of 168 months imprisonment was imposed [Doc. 73].

On December 28, 2020, defendant filed the instant motion seeking compassionate release and asking that the 168 month sentence be reduced to one of time served [Doc. 93]. The motion alleged that defendant had exhausted his administrative remedies, citing the October 26, 2020, "REQUEST FOR TRANSFER TO HOME CONFINEMENT Pursuant to the CARES Act of 2020" [Doc. 93-1]. That document requests that defendant be transferred to home confinement pursuant to the Bureau of Prisons' authority under the Coronavirus Aid, Relief, and Economic Security Act [*Id.*]. The document does not reference or request compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) [*Id.*].

On January 11, 2021, the United States filed a response, arguing, inter alia, that the instant motion should be denied for failure to exhaust [Doc. 99]. Specifically, the government contends that defendant's October 26, 2020, request fails to mention compassionate release, instead asking only for relief under the CARES Act, which involves a different legal standard than that of compassionate release [*Id.*]. The United States does not waive defendant's failure to exhaust [*Id.*].

## II.   Legal Standard

A court generally lacks "the authority to change or modify [a sentence, once imposed,] unless such authority is expressly granted by statute." *United States v. Thompson*, 714 F.3d 946, 948 (6th Cir. 2013) (citing *United States v. Curry*, 606 F.3d 323, 326 (6th Cir. 2010)). The First Step Act of 2018 amended § 3582(c)(1)(A) to modify one

such exception. First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5239 (2018). Prior to the First Step Act, a district court could grant relief under § 3582(c)(1)(A) only on motion of the Director of the Bureau of Prisons. Now a court may modify a defendant's sentence upon a motion by a defendant if the defendant has exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or after the lapse of thirty (30) days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier. § 3582(c)(1)(A).

**III. Analysis**

The first step in considering a request for compassionate release is determining whether a defendant has satisfied § 3582(c)(1)(A)'s exhaustion requirement,[1] which is a mandatory prerequisite to consideration of a compassionate release request on the merits. *United States v. Alam*, 960 F.3d 831, 833–34 (6th Cir. 2020). "When 'properly invoked,' mandatory claim-processing rules 'must be enforced.'" *Id.* at 834 (quoting *Hamer v. Neighborhood Hous. Servs. of Chi.*, 138 S. Ct. 13, 17 (2017)). The only exceptions to such a mandatory claim-processing rule are waiver and forfeiture. *Id.* (citing *United States v. Cotton*, 535 U.S. 625, 630 (2002)).

As the Court has noted, the exhaustion requirement in § 3582(c)(1)(A) provides that before the Court may reduce a term of imprisonment pursuant to that section on a motion

---

[1] The Court uses "exhaustion requirement" throughout the opinion to refer to § 3582(c)(1)(A)'s instruction that a court may consider a motion by a defendant after the defendant has fully exhausted his administrative rights or after the lapse of thirty (30) days since the warden's receipt of a request to move on defendant's behalf for a sentence reduction, whichever is earlier.

3

by the defendant either (1) the defendant must have "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or (2) thirty (30) days must have lapsed since "the receipt of such a request by the warden of defendant's facility." § 3582(c)(1)(A).

In this instance, while defendant submitted a request to the Bureau of Prisons for a transfer to home confinement under the CARES act, there is no indication that defendant has ever sought administrative relief with respect to compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). In the absence of such a request, and in the absence of a waiver of that requirement by the government, defendant's motion must be **DENIED without prejudice**.

## IV. Conclusion

For the reasons discussed more fully above, defendant's motion [Doc. 93] is **DENIED without prejudice** for failure to exhaust administrative remedies.

IT IS SO ORDERED.

s/ Thomas A. Varlan<br>
UNITED STATES DISTRICT JUDGE